**IT IS ORDERED as set forth below:**

**Date: August 3, 2020**

_____
Lisa Ritchey Craig
U.S. Bankruptcy Court Judge

_____

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | CASE NUMBERS |
| | : | |
| CINTHIA FRANCO, | : | BANKRUPTCY CASE |
| | : | 20-61262-LRC |
| Debtor. | : | |
| _____ | : | |
| | : | |
| WILLIAM and SAIRA BRUSH, | : | ADVERSARY PROCEEDING |
| | : | NO. 20-06067-LRC |
| Plaintiffs, | : | |
| | : | |
| v. | : | |
| | : | |
| CINTHIA FRANCO, | : | IN PROCEEDINGS UNDER |
| | : | CHAPTER 7 OF THE |
| Defendant. | : | BANKRUPTCY CODE |

## ORDER REGARDING MOTION TO DISMISS

Before the Court is a *Motion to Dismiss Pursuant to 12(b)(1) & 12(b)(6)* (Doc. 6) (the "Motion") filed by Cinthia Franco ("Defendant"). The Motion arises in connection

1

with a complaint (Doc. 1) (the "Complaint") filed by William and Saira Brush (collectively referred to as "Plaintiffs") seeking a determination that a debt is nondischargeable pursuant to § 523(a)(2)[1] and objecting to Defendant's discharge under § 727(a)(5). Through the Motion, Defendant contends that the claims of William Brush should be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction and that the Complaint should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. §§ 157(b)(2)(I) and (J); 1334(b).

## BACKGROUND

Defendant filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on January 23, 2020 (the "Petition Date"). *See* Case No. 20-61262-LRC, Doc. 1 (the "Bankruptcy Case"). On April 24, 2020, Plaintiffs initiated this adversary proceeding by filing the Complaint. Through the Complaint, Plaintiffs allege that Defendant and Saira Brush entered into an oral agreement, which was later followed by a written Agreement and Funding Statement as well as a Financing Agreement (collectively referred to as the "Agreements"), whereby Saira Brush agreed to advance Defendant funds to cover payroll and other expenses of FGS Services, LLC, Defendant's cleaning services business. *See* Complaint, ¶¶ 6-10. Pursuant to these Agreements, Plaintiffs advanced $747,913.31 in principal payments to Defendant from August of 2015 through October of 2017. *Id.* at ¶ 14. Defendant, however, failed to pay Plaintiffs in accordance with the terms of the

---

[1] Unless otherwise stated, all references to sections are to Title 11 of the United States Code and all references to docket numbers are to the adversary proceeding docket.

2

Agreements. *Id.* at ¶ 15. Plaintiffs further allege that "in the two years prior to the [Petition Date, Defendant] made over 1 million dollars in income in her business, FGS Services, LLC," and that Defendant has "not accounted for" this income and has "failed to explain satisfactorily" the loss of this income. *Id.* at ¶¶ 21-22, 24. Thus, Plaintiffs contend that Defendant's discharge should be denied pursuant to § 727(a)(5). *Id.* at ¶ 24. Additionally, Plaintiffs contend that Defendant "represented to and promised [] Plaintiffs that the borrowed monies would be used for the purposes of the operation of the business and payroll" but that "[t]hese statements were false" and Defendant "knew at the time she made these statements that they were false." *Id.* at ¶¶ 27-29. Accordingly, Plaintiffs contend that the debt owed to them by Defendant should be held as nondischargeable pursuant to § 523(a)(2). *Id.* at ¶ 30.

On May 23, 2020, Defendant filed the Motion seeking dismissal of the Complaint pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure, made applicable to this adversary proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure. On July 8, 2020, after the deadline to respond to the Motion had passed, Plaintiffs filed their *Opposition to Motion to Dismiss* (Doc. 7) (the "Response"). *See* BLR 7007-1(c) ("Any party opposing a motion must file and serve the party's response . . . not later than fourteen days after service of the motion . . . Failure to file a response indicates no opposition to the motion."). On July 16, 2020, Defendant filed a reply to the Response (Doc. 8) (the "Reply") contending that because the Response was not timely filed, the Motion should be deemed unopposed pursuant to BLR 7007-1(c). The Court has reviewed the Motion as well as the Response and finds that, for the reasons explained below, the

3

Motion should be granted.

## DISCUSSION

When considering whether to dismiss a complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted, the Court must accept as true all factual allegations set forth in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to the relief requested. Further, The Court must draw all reasonable inferences in the light most favorable to the non-moving party. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007); *Daewoo Motor America Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir. 2007); *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003); *Grossman v. Nationsbank, Nat'l Ass's*, 225 F.3d 1228, 1231 (11th Cir. 2000); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1273, n.1 (11th Cir. 1999). Additionally, "[f]or purposes of ruling on a motion to dismiss for want of standing, [the Court] must accept as true all material allegations of the complaint, and construe the complaint in favor of the complaining party." *Warth v. Seldin*, 422 U.S. 490, 501 (1975).

Through the Motion, Defendant contends that the Complaint fails to establish that William Brush was a party to any agreement with Defendant, and therefore fails to show that William Brush has standing to bring claims against Defendant under §§ 523(a)(2) and 727(a)(5). "A plaintiff seeking to invoke a federal court's jurisdiction bears the burden of establishing standing." *Koziara v. City of Casselberry*, 392 F.3d 1302, 1304 (11th Cir. 2004). "If a plaintiff lacks standing, the 'case' or 'controversy' requirement of Article III, § 2 of the U.S. Constitution is not satisfied, and the case must be dismissed." *Id*. There are

4

three constitutional elements of standing:

> (1) [the plaintiff] has suffered an "injury in fact" that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* (quoting *Friends of the Earth, Inc. v. Laidlaw Envtl. Serves. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000)). All three [of these] elements are an 'irreducible constitutional minimum,' and failure to show any one results in a failure to show standing." *Id.* at 1305 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). Here, the Complaint does not allege that William Brush was a party to the Agreements. Instead, the Complaint contends that only Saira Brush and Defendant executed the Agreements. *See* Complaint, ¶¶ 9, 10 (stating that only "Plaintiff Saira Brush and Defendant [] executed" the Agreements). Thus, the Complaint fails to establish that William Brush has suffered an "injury in fact."

The Eleventh Circuit has stated that "the injury in fact test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured. The plaintiff must be 'directly' affected apart from her 'special interest in the subject.'" *Id.* at 1305 (internal citations omitted) (quoting *Lujan*, 504 U.S. at 561). Further, for an injury to be "particularized" the Eleventh Circuit has stated that the "injury must affect the plaintiff in a personal and individual way" and that "if the plaintiff is merely a 'concerned bystander,' then an injury in fact has not occurred." *Id.* (citations omitted). Thus, without William Brush's being a party to the Agreements, no debt arising from the Agreements is owed to him and he, therefore, is not affected "in a personal and individual way" by whether the debt arising from the Agreements is determined to be

5

nondischargeable.[2] Similarly, because the Complaint does not allege that any pre-petition debt is owed to William Brush by Defendant, William Brush is also not affected by Defendant's receiving a discharge. *See* § 727(c)(1) (stating that "[t]he trustee, a creditor, or the United States trustee may object to the granting of a discharge under subsection (a) of this section."); § 101(10) (defining a "creditor" as "an entity that has a claim against the debtor that arose [pre-petition]"); *see also In re Cestaro*, 598 B.R. 520, 529 (Bankr. D. Conn. 2019) ("'Courts uniformly hold that a plaintiff that is not a creditor lacks standing to object to discharge under § 727(a).'"). Accordingly, the Complaint fails to establish that William Brush has standing to bring an action against Defendant under §§ 523(a)(2) or 727(a)(5) and, therefore, William Brush "must be dismissed" from the Complaint.

Defendant also contends that the Complaint fails to state a claim under either § 523(a)(2) or § 727(a)(5). Regarding the count under § 523(a)(2), Defendant argues that the Complaint fails to state a claim because it does not allege that Saira Brush relied upon any false pretenses, false representations, or actual fraud in agreeing to advance Defendant funds pursuant to the Agreements. "In order to except a debt from discharge under the false pretenses or false representation prongs of § 523(a)(2)(A), the creditor must establish the following elements: (1) the debtor made a false representation of fact; (2) which the debtor (a) either knew to be false or made with reckless disregard for its truth and (b) made with

---

[2] Additionally, § 523(c)(1) requires that the person seeking a determination of nondischargeability of a debt under § 523(a)(2) be "a creditor to whom such debt is owed." Because the Complaint does not establish that William Brush is a party to the Agreements, he cannot show that he is "a creditor to whom such debt is owed." 11 U.S.C. § 523(c)(1); *see also In re Monarrez*, 588 B.R. 838, 858 (Bankr. N.D. Ill. 2018) ("In order for section 523 to apply, first, a Plaintiff must establish that the debtor owes him a debt."); *In re Sulier*, 541 B.R. 867, 877 (Bankr. D. Minn. 2015) ("In order to prove that the debt is nondischargeable, the plaintiff [] must first establish that the defendant owes him a debt."); *In re Cowin*, 492 B.R. 858, 890-91 (Bankr. S.D. Tex. 2013) ("The Plaintiffs must first establish that the Debtor owes them debts before they can challenge the dischargeability of those debts.").

6

an intent to deceive; and (3) the creditor justifiably relied on the false representation." *In re Hanson*, 432 B.R. 758, 771 (Bankr. N.D. Ill. 2010) (citing *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010)). However, if a creditor alleges actual fraud, "a different analysis . . . must be utilized" and "the creditor must establish [that]: (1) a fraud occurred; (2) the debtor intended to defraud the creditor; and (3) the fraud created the debt that is the subject of the discharge dispute." *Id*. at 772 (citing *McClellan v. Cantrell*, 217 F.3d 890, 964 (7th Cir. 2000)).

Here, the Complaint alleges that Defendant "represented to and promised [] Plaintiffs that the borrowed monies would be used for the purposes of the operation of the business and payroll" and that "[t]hese statements were false" and that Defendant "knew at the time she made these statements that they were false." *See* Complaint, ¶¶ 27-29. However, the Complaint fails to establish the causal link between the "false statements" and Saira Brush's agreement to advance funds to Defendant. Thus, under the false pretenses and false representations prongs of § 523(a)(2), the Complaint fails to establish that Saira Brush justifiably relied upon Defendant's false statements in agreeing to advance the funds. Similarly, under the actual fraud prong of § 523(a)(2), the Complaint fails to allege facts that establish that Saira Brush's actual fraud "created the debt that is the subject of the discharge dispute." Accordingly, the Complaint fails to state a claim under § 523(a)(2) upon which relief can be granted.[3]

---

[3] Through the Response, Plaintiffs argue that Defendant made written, contractual misrepresentations regarding her willingness and ability to repay the debt and that Saira Brush relied on these misrepresentations when entering into the Agreements with Defendant. However, none of these allegations are in the Complaint and thus cannot refute Defendant's assertion that the Complaint fails to state a claim under § 523(a)(2).

7

Finally, regarding the count under § 727(a)(5), Defendant argues that the Complaint fails to state a claim because (1) the allegations in the Complaint only relate to business income of a separate legal entity, rather than income earned by Defendant in her individual capacity; and (2) the Complaint does not allege that Defendant no longer owns identifiable assets that she owned at one time prior to the Petition Date. "In an action under [§] 727(a)(5), the objecting creditor has the initial burden of proof and must demonstrate: '(1) debtor at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, the debtor no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets.'" *In re Robertson*, 576 B.R. 684, 713 (Bankr. N.D. Ga. 2017) (quoting *In re Wright*, 364 B.R. 51, 79 (Bankr. D. Mont. 2007)).

Here, the Complaint alleges that "[i]n the two years prior to [the Petition Date, Defendant] made over 1 million dollars in income in her business, FGS Services, LLC" and that Defendant "has not accounted for the money that was made in the operation of the business." *See* Complaint, ¶¶ 21, 22. Accordingly, the Complaint fails to allege that the $1 million of income was ever owned by Defendant individually and that the income which was previously owned by Defendant was "no longer owned" by Defendant on the Petition Date.  While the Complaint recites § 727(a)(5) in alleging that "Defendant has failed to explain satisfactorily, before determination or denial of discharge the loss of assets or deficiency of assets [to meet] Defendant's liabilities, within the meaning of [§] 727(a)(5)," such a recitation does not allege that "identifiable assets" owned by Defendant prior to the

8

Petition Date were no longer owned by Defendant at the time she filed her bankruptcy case.[4] *See Costello v. Board of Trustees of Flavius J. Witham Memorial Hosp.*, 2019 WL 6252258, at *9 (S.D. Ind. Nov. 22, 2019) (stating that "merely reciting the elements" of a claim are "insufficient even under the more lenient Rule 12(b)(6) standard."); *Ozone Int'l, LLC v. Wheatsheaf Group US, Inc.*, 2020 WL 2745716, at *7 (W.D. Wash. May 27, 2020) (stating that "merely recit[ing] the elements of [a] statute without providing 'sufficient factual matter' as to how they are applicable" is insufficient to withstand a motion to dismiss under Rule 12(b)(6)). Further, there are no facts alleged in the Complaint to establish that Defendant's "bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets." Therefore, the Complaint fails to state a claim under § 727(a)(5) upon which relief can be granted.

## CONCLUSION

In summary, the claims of William Brush must be dismissed under Rule 12(b)(1) because the Complaint does not allege that William Brush was a party to the Agreements or is owed a debt by Defendant, and thus, there is no allegation of William Brush's standing to seek a nondischargeability determination or object to Defendant's discharge in her bankruptcy case. Further, the claim under § 523(a)(2) must be dismissed under Rule

---

[4] In the Response, Plaintiffs argue that "if Defendant is a sole proprietor of her business, it is not difficult to pierce the corporate veil and establish personal liability on behalf of the business owner as an individual. Further, [] Defendant entered into the agreement with Plaintiffs as an individual doing business as ("DBA") FGS Services, LLC. Therefore, both the business and the individual were under an obligation to repay the debt." However, whether the LLC is liable on the debt is not relevant to whether the Complaint states a claim under § 727(a)(5). Instead, as noted above, the relevant question is whether the Complaint alleges sufficient facts to establish that: (1) "[Defendant,] at one time, not too remote from the bankruptcy petition date, owned identifiable assets; (2) on the date the bankruptcy petition was filed or order of relief granted, [Defendant] no longer owned the assets; and (3) the bankruptcy pleadings or statement of affairs do not reflect an adequate explanation for the disposition of the assets." *In re Robertson*, 576 B.R. at 713. Here, the facts alleged in the Complaint establish none of these elements.

9

12(b)(6) because the Complaint does not allege that Plaintiffs justifiably relied upon any misrepresentations of Defendant or that Defendant's actual fraud created the debt that is the subject of the discharge dispute. Finally, the claim under § 727(a)(5) must be dismissed under Rule 12(b)(6) because the Complaint neither alleges that identifiable assets owned by Defendant at some point prior to the Petition Date were no longer owned by Defendant on the Petition Date nor establishes that Defendant's bankruptcy schedules or statement of affairs fails to adequately explain the loss of such identifiable assets. Accordingly, for the reasons stated herein,

IT IS HEREBY ORDERED that the *Motion to Dismiss Pursuant to 12(b)(1) & 12(b)(6)* (Doc. 6) (the "Motion") filed by Cinthia Franco ("Defendant") is **GRANTED and** the Complaint shall stand **DISMISSED** unless Plaintiffs, within fourteen (14) days from the date of entry of this Order, file a motion for leave to amend the Complaint.

### END OF DOCUMENT

**Distribution List**

**Tiffini C. Bell**
Holloway Bell, LLC
Suite 203
4751 Best Road
Atlanta, GA 30337

**Cinthia Franco**
7539 Hiawatha Drive
Douglasville, GA 30134

**Karmel Sunzette Davis**
Karmel S. Davis & Associates
P.O. Box 5736
Douglasville, GA 30154